## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

RANDALL R. HART,                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )    Case No. CIV-07-171-KEW
                                          )
MICHAEL J. ASTRUE,                        )
Commissioner of Social                    )
Security Administration,                  )
                                          )
                    Defendant.            )

### OPINION AND ORDER

Plaintiff Randall R. Hart (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further consideration.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on June 10, 1945 and was 61 years old at the time of the ALJ's decision. The evidence is somewhat incomplete as to Claimant's educational level. This Court can only ascertain with any degree of certainty that Claimant completed his education through the eighth grade. Claimant previously worked as a ranch worker. Claimant alleges an inability to work beginning in November 1, 1995 due to back and hip pain, type II diabetes, neuropathy of the feet, hypertension, cardiac abnormalities, chest pain,

3

osteoarthritis of the left knee, obesity, depression, and anxiety.

## Procedural History

On May 12, 2004, Claimant filed for disability benefits under Title II of the Social Security Act (42 U.S.C. § 401, et seq.) and for supplemental security income under Title XVI (42 U.S.C. § 1381, et seq.). Claimant's application for benefits was denied initially and upon reconsideration. On July 11, 2006, Claimant appeared at a hearing before ALJ Edward L. Thompson in Ardmore, Oklahoma. At the hearing, Claimant dismissed his Title II claim based upon a lack of medical evidence and amended his onset date for his Title XVI claim to May 12, 2004. By decision dated September 22, 2006, the ALJ found Claimant had engaged in substantial gainful activity thereby making him ineligible for Title XVI benefits. On May 4, 2007, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step one of the sequential evaluation. He found Claimant engaged in substantial gainful activity and, therefore, was not eligible for SSI benefits.

## Errors Alleged for Review

Claimant asserts the ALJ committed error by finding he engaged

in substantial gainful activity during the relevant period.

## Discussion

Claimant first contends he suffers from several severe impairments. Such is not the finding subject to challenge in the ALJ's decision since he did not reach the question of disability. Rather, the sole question for review remains the ALJ's determination on Claimant's eligibility for benefits.

In his decision, the ALJ determined Claimant had engaged in work activity both as an employee and as a self-employed person without notifying the Social Security Administration. (Tr. 15-16). The ALJ found Claimant made several contradictory statements in both written and in testimony concerning his work activities. On various filings with the Social Security Administration, Claimant stated he had not worked. (Tr. 16). The ALJ found these representations to not be credible.

The ALJ determined from the record that the Claimant had worked de-horning cattle on June 10, 2002. He engaged in "farm work" as represented in a report dated June 13, 2002. On March 19, 2003, the ALJ found Claimant had stated he was self-employed and had injured his left ring finger working a cattle chute. On July 1, 2003, Claimant stated he was a self-employed rancher. (Tr. 16). The ALJ also took note of several statements made by Claimant concerning his daily activities, which included ranching tasks on his own behalf or

5

that of his son. (Tr. 17). The ALJ concludes in his decision that Claimant is engaged in self-employment by making and selling Cedar furniture, working on cars. (Tr. 17).

The ALJ then applied the tests established by regulation as to whether one has engaged in substantial gainful activity. In relation to the first test, the ALJ concluded that, while the level of Claimant's income from his work activity is not clear, "it is not unreasonable to conclude that his income from the various activities in which he engages is no doubt greater than $300.00 per month," which is the level of income the ALJ determined was required under the law for gainful work. (Tr. 18).

Deference must be given to an ALJ's determination on a claimant's credibility unless there is an indication that the ALJ misread the medical evidence when evaluated as a whole. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 801 (10th Cir. 1991). Findings on credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. <u>Huston v. Bowen</u>, 838 F.2d 1125, 1133 (10th Cir. 1988).

A fair reading of the evidence and Claimant's testimony supports the ALJ's conclusion that Claimant has worked. However, that finding does not end the inquiry into whether particular work is considered "substantial gainful activity."

"Substantial gainful activity" is defined as

> work activity that is both substantial and gainful. . . . Substantial work activity is work activity that involves doing significant physical or mental activities. . . . [W]ork may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

> 20 C.F.R. § 404.1572(a) and (b).

Additional considerations apply in evaluating whether a self-employed person is engaged in substantial gainful activity, such as was found by the ALJ in regard to the Claimant's activity in this case.

> (a) We will consider your activities and their value to your business. . . . We will not consider your income alone. . . . We will evaluate your work activity based on the value of your services to the business regardless of whether you receive an immediate income for your services. We consider that you have engaged in substantial gainful activity by applying three tests. If you have not engaged in substantial gainful activity under test one, then we will consider tests two and three. The tests are as follows:

> (1) Test One: . . . you render services that are significant to the operation of the business and receive a substantial income from the business[2]

---

[2] "Significant services" is defined as "any services that you render", if the operation is done entirely by the claimant. However, if it is not operated entirely by the claimant, "significant services" are rendered if "you contribute more then half the total time required for the management of the business, or you render management services for more than 45 hours a month regardless of the total management time required by the business." 20 C.F.R. § 404.1575(b)(1).

"Substantial income" is defined as net income less "the reasonable

(2) Test Two: . . . your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood;

(3) Your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

20 C.F.R. § 404.1575(a).

In this case, the ALJ found that the Claimant engaged in substantial gainful activity because of his various statements at different times and the presumption that a showing of $300.00 of income benefits was required to establish gainful activity.

In this case, the ALJ engages in a highly speculative analysis of the income actually earned by Claimant during the relevant period to arrive at the conclusion that Claimant earned more than $300.00 through this employment. The Commissioner bears the burden of establishing that the claimant can engage in substantial gainful activity. *See e.g.*, 20 C.F.R. § 4047.1594(a); <u>Glenn v. Shalala</u>, 21

---

value of any significant amount of unpaid help furnished by your spouse, children, or others. After several other listed deductions, the resulting amount is compared to the earnings levels established by 20 C.F.R. § 404.1574(b)(2) and (3). Substantial income exists if the amount derived from the calculation is greater than that set forth in the table contained at § 404.1574(b)(2) or it is less but comparable to what it was before the onset of the alleged impairment or it is comparable to that of unimpaired, self-employed persons in the community who are in the same or similar business. 20 C.F.R. § 404.1575(c).

The relevant earnings necessary for this comparison contained in §404.1574(b)(2)(ii)(B) in this case would require that the amount earned exceed $500.00.

F.3d 983, 987 (10th Cir. 1994). More importantly, however, the ALJ applied the wrong amount in determining whether the income benefit derived by Claimant was gainful. The amounts have graduated from $300.00 to $500.00 to January of 1999 and $700.00 after July of 1999. Given this error, the ALJ's decision must be reversed and the case remanded for further consideration of the evidence of income as well as for the application of the appropriate law.

Additionally, it appears the ALJ relied upon statements of income prior to the amended onset date in finding Claimant ineligible for benefits. On remand, the ALJ should restrict his evaluation of Claimant's engagement in substantial gainful activity to the relevant time period.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

IT IS SO ORDERED this _9th_ day of September, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE